IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM STREGE,

      Plaintiff,

v.                                                                       No. 2:24-cv-00966-KRS

SUPREME COURT NEW MEXICO, et al.

      Defendants.

## ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed September 27, 2024, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 27, 2024.

**Order to Show Deficiency**

Plaintiff did not sign the Affidavit on page 1 of his Application to Proceed in District Court Without Prepaying Fees or Costs. The Court must strike the Application if Plaintiff does not promptly sign the Application.

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). The Court orders Plaintiff to sign the Application within 21 days of entry of this Order.

**Order to Show Cause**

The Court has identified a deficiency in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and*

*Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The Complaint fails to state a claim upon which relief can be granted.

Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious [v. Two Unknown B.I.C.E. Agents]*, 492 F.3d [1158,] at 1163 [10th Cir. 2007].

*Lowrey*, *2.

Several of the allegations refer to Defendants collectively, for example stating

Defendants violate 42 USCS 1983, 1985, 1986, Constitution 14th Amendment Equal Protection Laws and Due Process by Conspire to Conceal the FBI and Police allegedly arrest millions People murdered in Jail not reported Dead to collect dead peoples benefits Indefinitely

or refer to a group of Defendants, for example stating

Defendants Supreme Court, New Mexico, NM Disability Determination Services workers, Police Chief Jeremy Story, Justice David K Thomson, Judge Jennifer L. Attrep, Judge Manuel I. Arrieta, Las Cruces Court Clerks, City Clerk Lissa Herrera, Donna D. Geck violates 42 USCS 1983, 1985 1986, Constitution 14th Amendment Equal Protection Laws and Due Process, 18 U.S. Code § 1091 Genocide Laws ICC by Refusing to File Court Documents and Giving People zero recognition law Conspire to deprive Constitutional Rights and Commit Genocide Exterminating Religion and Ethnic People Human Hearts put in Nuclear Fuel.

Complaint at 6-7. The Complaint fails to state claims because it does not clearly describe what *each* Defendant did, when *each* Defendant did it, and how *each* Defendant's actions harmed Plaintiff. *See Nasious* at 1163.

Plaintiff names the New Mexico Supreme Court as a Defendant. *See* Complaint at 1.

Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in

federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). There are no allegations in the Complaint showing that the Court has jurisdiction over Plaintiff's claims against the New Mexico Supreme Court.

Plaintiff asserts claims against a New Mexico Supreme Court Justice, and New Mexico Court of Appeals Judge, a Third Judicial District Court Judge, Santa Clara California Judge, and four Las Cruces Court Clerks. *See* Complaint at 1. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).  There are no factual allegations showing that these Defendants' actions were taken in the complete absence of all jurisdiction.

Several of the allegations in the Complaint are incoherent, for example, Plaintiff states

> God Should not allow intelligent life in Space to Save nature God Loves 100% to only allow plants and animals Planets God Loves Launch Nuclear Missals at God allows intelligent life Space God Help God Hell and god hates us Launch Nuclear Missals at God Heaven 100% Loves Launch self Defense Nuclear Missals Kill Trillions People Planets that God does not repopulate 100% God Loves Collapse Trillions Planets Atmosphere kill Trillions Planets People stars meteors hit planets melt all Nuclear Reactors Fuel God Loves 100%.

Complaint at 2.  The incoherent allegations fail to state or support Plaintiff's claims. *See Nasious* at 1163.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, sign the Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to timely sign the Application may result in the Court striking Plaintiff's Application.

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file and amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

October 3, 2024

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE