IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM STREGE,

      Plaintiff,

v.                                                                                          No. 2:24-cv-00966-WJ-KRS

NEW MEXICO SUPREME COURT, et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## AND ORDER TO SHOW CAUSE

United States Magistrate Judge Kevin R. Sweazea notified *pro se* Plaintiff that the Complaint failed to state claims and contained several incoherent allegations, and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 4, filed October 3, 2024. After Plaintiff notified the Court on December 9, 2024, that he had not received Judge Sweazea's Order to Show Cause, the undersigned ordered Plaintiff to comply with the Order to Show Cause by January 6, 2024. *See* Doc. 12, filed December 16, 2024.

Plaintiff filed an Amended Complaint but did not show cause why the Court should not dismiss this case. *See* Doc. 15, filed December 27, 2024. Plaintiff's Amended Complaint is largely incoherent and fails to state claims upon which relief can be granted. For example, the opening paragraph of the Amended Complaint states:

> Plaintiff Adam Strege alleges Defendant New Mexico Supreme Court Putting Human Hearts in Nuclear Missiles fuel pray legal God Loves Help Atoms to Push atoms into triggers all Earth Nuclear Missiles Launched to not allow intelligent life in space no people allowed God Loves to only allow insects and Animal Planets God Loves Launch Nuclear missals God Loves the Computers to launch Nuclear missiles at themself to Start Nuclear Missel War Billion Trillion Trillion Trillion Tillion time Trillion Planets . . .

[sic] Amended Complaint at 1. The Amended Complaint alleges that Defendants "act[ed] with clear absence of all jurisdiction violating" various laws, but does not clearly explain what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court dismisses this case because Plaintiff has not shown that the Court should not dismiss this case for failure to state a claim and the Amended Complaint fails to state claims.

**Order to Show Cause**

Plaintiff has filed several documents in two cases in this Court which are largely incoherent and which the Court has expended considerable resources evaluating.

In this case Plaintiff filed an 11-page Complaint that failed to state claims and contained several incoherent allegations. Plaintiff also filed an 11-page letter that is in large part incoherent. Plaintiff's 33-page Amended Complaint fails to state claims and is largely incoherent.

Plaintiff previously filed another case. *See Strege v. Gmail*, No. 2:23-cv-00816-JB-GBW ("*Strege I*"). The 12-page complaint, 35-page amended complaint, 28-page second amended complaint and 32-page third amended complaint in *Strege I* also failed to state claims and were in large part incoherent. *See* Doc's 1, 6, 12 and 17 in *Strege I*. Plaintiff also filed a 12-page letter in *Strege I* which is largely incoherent. *See* Doc. 18 *in Strege I*. Plaintiff filed a motion to dismiss *Strege I*, but not until after the Court had expended resources reviewing Plaintiff's complaints and letter. *See* Doc. 19, filed in *Strege I*.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma*

*pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new

civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**